LAW OFFICES OF BARAK BERLIN
BARAK BERLIN (CASB No. 216115)
Email: Barak@BerlinLawGroup.com
27349 Jefferson Ave, Ste 208
Temecula, CA 92590
Telephone: 951-296-6188
Facsimile: 951-296-6187

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUPLE,<br><br>    Plaintiff,<br><br> vs.<br><br>MANDARICH LAW GROUP, LLP<br>and DOES 1-10, Inclusive,<br><br>    Defendants. | CASE NO. **'15CV0937 AJB RBB**<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>JURY TRIAL DEMANDED</u> |

  COMES NOW the Plaintiff, DENIS RUPLE ("Plaintiff"), by way of Complaint against the Defendant, says:

## I. PRELIMINARY STATEMENT

  1. Dennis Ruple ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of the Mandarich Law Group, LLP ("Defendant"), with regards to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

10. Plaintiff Dennis Ruple is a natural person who resides in the City of Fallbrook, County of San Diego, State of California.

11. At all times relevant to this Complaint, Mandarich Law Group, LLP is a California Limited Liability Partnership whose principal place of business is 6301 Owensmouth Avenue, Suite 850, Woodland Hills, CA 91367.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant is comprised of persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

18.     Sometime before January 31, 2013, Plaintiff is alleged to have incurred certain financial obligations.

19.     These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20.     These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21.     Sometime thereafter, but before January 31, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

22.     Subsequently, but before January 31, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23.     On January 31, 2013, CACH, LLC, by and through their attorney, Defendant Mandarich Law Group, LLP, filed a complaint against Plaintiff Dennis Ruple and DOES 1 to 10 in San Diego County for non-payment of the alleged debt.

24.     Unable to provide any admissible evidence at trial, Judge Robert P. Dahlquist found in favor of Dennis Ruple. The judgment was filed on April 23, 2014.

25.     On or about October 24, 2014, Defendant sent Plaintiff a letter stating Mandarich Law Group, LLP was requesting a default judgment against Dennis Ruple. A copy of the Request for Entry of Judgment was included in the letter.

26.     On November 18, 2014 the San Diego Superior Court rejected Defendant's Application for Entry of Judgment.

## V. CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

27. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

28. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(9), 15 U.S.C. §1692f.

29. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (ROSENTHAL ACT)
### CAL.CIV.CODE §§ 1788-1788.32

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

31. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

32. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment

in his favor as follows:

A.   **For the FIRST CAUSE OF ACTION**:

   (i)   An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.

   (ii)  An award of the maximum statutory damages for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

   (iv)  For such other and further relief as may be just and proper.

B.   **For the SECOND CAUSE OF ACTION**:

   (v)   An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including emotional distress;

   (vi)  An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.30(b);

   (vii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.30(c); and

   (viii) For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Dennis Ruple, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED:  April 28, 2015            **LAW OFFICES OF BARAK BERLIN**


/s/ Barak J. Berlin
BARAK J. BERLIN

Attorney for Plaintiff Dennis Ruple